**UNITED STATES of America,**

v.

**Ernest LePREE, Appellant.**

**No. 18420.**

United States Court of Appeals,
Third Circuit.

Argued Nov. 4, 1970.

Decided Dec. 10, 1970.

George R. Sommer, Newark, N. J., for appellant.

Frederick W. Klepp, Asst. U. S. Atty., Newark, N. J. (Frederick B. Lacey, U. S., Atty., Newark, N. J., on the brief), for appellee.

Before BIGGS, VAN DUSEN and ROSENN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM:

This is an appeal from appellant-LePree's conviction of knowingly possessing and concealing falsely made and forged counterfeit Federal Reserve Notes in violation of 18 U.S.C. § 472. Before trial, a hearing was held on LePree's motion to suppress the evidence (which consisted of a paper bag containing $2500 in counterfeit $20 bills) seized from his person at the time of his arrest. After the District Court denied the motion, a non-jury trial was held during which LePree again moved to suppress the evidence. The court denied this motion on the basis that it had previously determined at the suppression hearing the issues surrounding the legality of the search.

Since the only question before this court pertains to the validity of the search, we need only state the facts that were developed at the suppression hearing. Agent Miller of the United States Secret Service received information on January 23, 1969 from an informant that LePree was then conducting a deal concerning counterfeit $20 bills and driver's licenses at the Orchard Wines & Liquors Store in Newark, New Jersey. Miller then went to the store and saw an automobile owned by LePree's wife and known to be driven by LePree parked in front of the store.

In the evening of January 23, the informant notified Miller that LePree had agreed to sell $2500 in counterfeit $20 bills for $250 in genuine money, that the deal would take place January 24, 1969, that LePree was to be at the same liquor store at 1:30 P.M. to pick up the genuine money and that LePree was to then drive home to pick up the counterfeit money before returning to the liquor store for delivery. The informant also told Miller that the counterfeit money would be concealed inside LePree's pants.

On January 24, at approximately 1:10 P.M., Miller and another agent went to the store and saw LePree's wife's car parked outside. At 1:30, they saw LePree come out of the store with another man. LePree and his companion entered the car and proceeded to LePree's home. LePree left the car, entered the home, and shortly thereafter returned to the car. After LePree drove the car in the general direction of the liquor store for a short period of time, Miller and the other agent stopped him. The agents informed LePree that he was under arrest and gave him a frisk search for weapons. LePree was then transported to the Secret Service Office where a strip search revealed counterfeit bills concealed inside his pants.

In order to determine whether the search was valid, it is necessary to de-

termine whether the arrest was valid. This, in turn, depends on whether the arresting officers had probable cause to suspect that a felony was being committed.

We feel that this case is governed directly by Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959). In that case, a reliable informant had told a federal narcotics agent that the defendant would arrive on a certain train on one of two mornings with three ounces of heroin and that he would be dressed in a specific way. The agent's subsequent observation corroborated this information and the Supreme Court held that, under the facts and circumstances, the agent had probable cause to believe that the defendant was violating a narcotics law. In the instant case, there were several pieces of information volunteered by the informant which were later corroborated by Agent Miller's observation. In addition to the information supplied by the informant, another person who had been arrested for the sale of counterfeit money on four different occasions had given information to Agent Miller that the source of the counterfeit money he possessed was LePree.

Appellant, however, argues that the Government did not sufficiently establish the reliability of its informant. This conclusion is unjustified for Miller testified at the hearing that the informant had supplied the Secret Service with information in 1960 which led to the arrest and conviction of three people. He further testified that the informant had furnished the Secret Service with information which led to an investigation which occurred shortly before the arrest of LePree.

We, therefore, conclude that Agent Miller had probable cause to suspect that LePree was violating 18 U.S.C. § 472 when he arrested him on January 24, 1969. Since the arrest without a warrant was lawful, the search conducted by the agents was also lawful for the search was incident to a lawful arrest.

Chimel v. California, 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1968).

Appellant, however, argues that Miller should have sought a search warrant after his observations of January 23 corroborated the informant's information. The answer to this is that probable cause did not exist until Miller made his observations on the following day. On January 23, the only thing observed by Miller was LePree's wife's car parked outside the liquor store. Thus, an opportunity for the arresting officers to apply for a warrant never reasonably presented itself. See United States v. Dento, 382 F.2d 361 (3 Cir. 1967).

The judgment of the District Court will be affirmed.